UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ORVILLE L. MOE, <br><br>                Plaintiff, <br><br>       v. <br><br> BARRY A. DAVIDSON, receiver for Washington Motorsports Limited Partnership and Individually, AARON D. GOFORTH, REED & GIESA, JOHN GIESA, and JANE & JOHN DOES 1 THRU 50, <br><br>                Defendants. | No.   2:CV-14-0262-SMJ <br><br> **ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER** |

Before the Court, without oral argument, is Plaintiff Orville Moe's Motion for Temporary Restraining Order, ECF No. 4.   Plaintiff seeks a temporary restraining order to prevent Judge Plese of the Spokane County Superior Court from considering or holding Plaintiff in contempt and imposing sanction for filing the Complaint in this action.

As of today, the Spokane County Superior Court has entered at least four Cease and Desist Orders against Plaintiff prohibiting him from filing any lawsuit in any jurisdiction or court against Defendants unless first approved by order of

ORDER - 1

1   the Spokane County Superior Court.[1]  Set for hearing on October 10, 2014 before

2   Judge Plese are Defendants' Motion for Finding of Contempt Against Orville

3   Moe, and Eleventh Motion for Remedial Sanctions Against Orville Moe, ECF No.

4   5-1, in which Defendants seek imprisonment of Plaintiff for contempt of court

5   until he pays $3,650.00 in attorneys' fees and dismisses this matter without

6   prejudice.

7        The Court notes that Plaintiff's Complaint, ECF No. 1, is nearly identical to

8   the Complaint filed before this Court in April 2012.  *Compare* ECF No. 1 with

9   ECF No. 5-1, Exhibit 3.  Additionally, Plaintiff's Amended Complaint, ECF No.

10  4, is nearly identical to the Complaint Plaintiff brought in Spokane County

11  Superior Court in 2007.  *Compare* ECF No. 4 with ECF No. 5-1, Exhibit 4.

12       In April 2012, when Plaintiff filed the identical suit before this Court, the

13  Spokane County Superior Court ordered Plaintiff to dismiss the lawsuit or be

14  imprisoned.  Plaintiff proceeded to dismiss the lawsuit.  *See Moe v. Davidson et*

15  *al.*, United States District Court for the Eastern District of Washington, Case No.

16  CV-12-0189-JLQ, ECF No. 14.  At that time, Plaintiff had similarly sought relief

17  of this Court to stay the pending state court action.  *Id*. at ECF No. 4.

18  //

19

20
_____

[1] While not controlling of the state court matter, due to the fact that "[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants," the Ninth Circuit has long approved of imposing such pre-filing orders on vexatious litigants.  *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990).

ORDER - 2

Here, Plaintiff seeks a temporary restraining order (TRO) pursuant to Federal Rule of Civil Procedure 65(b).  The restraining order Plaintiff seeks would have the effect of staying the pending state court action.  However, the Anti–Injunction Act, 28 U.S.C. § 2283, states that a: "court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  28 U.S.C. § 2283.  These three exceptions are to be construed narrowly, "resolv[ing] doubts in favor of letting the state action proceed."  *United States v. Alpine Land & Reservoir Co.*, 174 F.3d 1007, 1014 (9th Cir. 1999).  The United States Supreme Court has held that Congress provided an exception under 42 U.S.C. § 1983, under which Plaintiff sues.  *Mitchum v. Foster*, 407 U.S. 225, 242–43 (1972).  Thus, Plaintiff is exempted from the Anti–Injunction Act, and the Court proceeds to address the merits of his request for a temporary restraining order.

Rule 65 of the Federal Rules of Civil Procedure provides that:

A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, is any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

ORDER - 3

Fed.R.Civ.P. 65(b). First, the Court notes that Plaintiff has not submitted a sworn affidavit or declaration certifying that any efforts have been made to give notice of his motion to any named Defendant, which is required by Federal Rule of Civil Procedure 65(b). As noted above, under Federal Rule of Civil Procedure 65(b), a TRO may be granted without notice to the adverse party or that party's attorney only if "it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition." Fed.R.Civ.P. 65(b). Federal Rule of Civil Procedure 65(b) also requires the Plaintiff to certify to the Court "the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required." *Id*. Plaintiff's motion for TRO does not comply with this elemental procedural requirement of Federal Rule of Civil Procedure 65(b).

Regardless of the procedural deficiencies, Plaintiff has failed to show the likelihood of success on the merits, which is required to justify extraordinary injunctive relief. *Caribbean Marine Services Co. v. Baldrige*, 844 F.2d 668, 674-75 (9th Cir. 1988). Plaintiff's assertion that any sanction against him in state court for filing this matter would violate his civil rights is without merit. The numerous Cease and Desist Orders issued against Plaintiff are lawful under Washington law, and if a violation of a court order occurs, Washington law

provides for a finding of contempt of court.  *See* Chapter 7.21 RCW "Contempt of Court."  Under Washington law, after notice and a hearing, Plaintiff may be imprisoned after a finding of contempt of court.  RCW 7.21.030.  Plaintiff, even if found in contempt, would still have appellate review available in state court.  RCW 7.21.070.  Accordingly, the Court finds nothing proposed by the pending state action demonstrates a likelihood that Plaintiff would be denied any civil rights.  Therefore, the Court will not enjoin the state court proceeding.

Accordingly, **IT IS HEREBY ORDERED**: Plaintiff's Motion for Temporary Restraining Order, **ECF No. 4**, is **DENIED.**

**IT IS SO ORDERED.**  The Clerk's Office is directed to enter this Order and provide copies to all counsel, Plaintiff Orville Moe, and to Judge Plese.

**DATED** this 8th day of October 2014.

_____
SALVADOR MENDOZA, JR.
United States District Judge

Q:\SMJ\Civil\2014\Moe v. Davidson-0262\tro.deny.lc1.docx

ORDER - 5